IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAELYN BISHOP,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. CARNEVALE,<br><br>        Defendant. | Civil Action No. 23-837-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's motion for partial summary judgment. (D.I. 38). I have considered the parties' briefing. (D.I. 39, 46, 48). I heard oral argument on December 11, 2025. For the reasons set out below, this motion is DENIED.

This present action results from an incident involving Plaintiff and Defendant on August 30, 2021, when Plaintiff appeared at the New Castle County Police Department to turn herself in on an arrest warrant. (D.I. 10 at ¶ 5). Plaintiff alleges that, following a video arraignment, Defendant dragged her by her hair and by her handcuffs down a hallway on her stomach. (*Id.* at ¶ 11, 17).

Plaintiff was sixteen years old at the time. (*Id.* at ¶ 5). She was described by Defendant at deposition as being of a "thin build [and] about a hundred pounds. Maybe [] five-three, five-four." (D.I. 41-1, Ex. L at 56:9-11). Defendant, who was a police officer at the time, described himself as "[f]ive-ten" and "[a]pproximately 235, 240 pounds." (*Id.* at 56:22-23).

Much of the incident giving rise to this lawsuit was captured on a series of videos. (D.I. 41-1 Exs. A-F). Plaintiff was extremely upset and could fairly be described as out-of-control. The videos show Defendant dragging Plaintiff down a hallway and forcing Plaintiff into a

1

detention cell by grabbing her by her hair. (D.I. 41-1 Ex. B at 5:52:14-5:52-30). A few minutes later, body worn camera footage from another officer shows Defendant grabbing Plaintiff once again by her hair. (D.I. 41-1 Ex. E at 3:00-3:03). Defendant then forcibly drags Plaintiff, who is face-down, along the floor by her handcuffs on her stomach for approximately ten seconds before Plaintiff is allowed to stand up again. (*Id.* at 3:16-3:27).

Plaintiff brings four claims against Defendant: (1) a Section 1983 claim of excessive force, (2) an assault claim, (3) a battery claim, and (4) an intentional infliction of emotional distress claim. (D.I. 10 at ¶¶ 5-9). Plaintiff also seeks punitive damages in her complaint. (D.I. 10 at ¶ 9). Plaintiff now moves for partial summary judgment on her Section 1983, assault, and battery claims. (D.I. 38).

Defendant does not dispute the events as depicted on the videos. (D.I. 46 at 9). Rather, Defendant argues that the evidence in the record is insufficient for me to determine at the summary judgment stage that Defendant had acted in a way that was objectively unreasonable. (*Id.* at 10). Although I think this is very close case, I ultimately agree with Defendant's argument.[1]

Defendant had a duty to act with "objective reasonableness" in his conduct towards Plaintiff. The determination of what meets this standard "turns on the facts and circumstances of each particular case," and I "must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, [and] not with the 20/20 vision of hindsight." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (cleaned up). Importantly, in

---

[1] It is undoubtedly rare for a Section 1983 plaintiff to win on summary judgment. Indeed, at oral argument, both Plaintiff's and Defendant's lawyers noted that they were not aware of any case where a Section 1983 plaintiff prevailed at summary judgment, and I have not been able to find a case in the Third Circuit where a plaintiff has done so.

ruling upon objective reasonableness, I am also to "account for the legitimate interests that stem from the government's need to manage the facility in which [an] individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (cleaned up).

In determining whether a genuinely disputed issue of material fact exists, I must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Here, Defendant claimed at deposition that his actions were compelled by certain regulations, i.e., that officers are "not supposed to have females and males and juveniles all out at the same time," such that he "needed to secure [Plaintiff] as quickly as possible." (D.I. 47, Ex. 1 at 41:8-20). Moreover, Defendant notes that his partner was dealing with Plaintiff's father and that Defendant "didn't know if [Plaintiff's father] could become irate or aggressive at some point," lending further urgency to the situation. (*Id.* at 41:21-42:1).[2] Viewing Defendant's testimony in the light most favorable to Defendant, as I must, I think that a reasonable juror could find that Defendant's actions might have been viewed as objectively reasonable from the point of view of a reasonable officer on the scene. I therefore decline to grant summary judgment for Plaintiff on her Section 1983 claim.

Since Defendant was an employee of New Castle County at the time of these events, in order for Defendant to be found personally liable for assault or battery, Plaintiff must show that Defendant committed "acts which were not within the scope of employment or which were performed with wanton negligence or wilful [sic] and malicious intent." 10 *Del.C.* § 4011(c).

---

[2] In the videos, Plaintiff's father appeared to be completely cooperative. The credibility of Defendant's rationale, however, is not at issue on summary judgment.

3

Plaintiff does not appear to argue that Defendant's acts were not within the scope of employment. (D.I. 39, 48).

The Delaware Supreme Court has defined "wanton negligence" as "such conduct as exhibits a conscious indifference to consequences in circumstances where probability of harm to another… is reasonably apparent" and requires that the actor evince "an 'I-don't-care' attitude." *McCaffrey v. City of Wilmington*, 133 A.3d 536, 547 (2016). Defendant's stated rationale for his actions, taken as true, suggests neither an "I-don't-care" attitude nor malicious intent but rather an attempt, however drastic, to take control of a difficult situation. Moreover, Plaintiff does not argue in her briefing that Defendant's actions embodied either wanton negligence or willful and malicious intent. (D.I. 39, 48). Under Delaware law, "[w]hether conduct is wanton is ordinarily one for the trier of fact," and I see no reason to deviate from that principle here. *McCaffrey*, 133 A.3d at 547 (internal citations omitted). I thus decline to grant summary judgment for Plaintiff on her assault and battery claims.

Finally, I note that considerations of judicial economy weigh against granting Plaintiff's motion for partial summary judgment. The 2010 Committee Notes to Rule 56 state, "Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event." Committee Notes on Rules—2010 Amendment. Plaintiff does not seek summary judgment on her intentional infliction of emotional distress claim nor the issues of actual and punitive damages. I think it likely that the evidence Plaintiff will seek to present at trial for intentional infliction of emotional distress and damages will at minimum substantially overlap with the evidence she will present for her Section 1983, assault, and battery claims. Granting Plaintiff's

motion for partial summary judgment would thus "do nothing to shorten or simplify the trial issues, and [] the jury will be better able to decide the issues of the case without some partial judicial imprimatur on… [only] part of the case." *Adams v. Klein*, 2020 WL 2404772, at *4 (D. Del. May 12, 2020), *aff'd on other grounds*, 2022 WL 1658700 (3d Cir. May 25, 2022).

For the foregoing reasons, Plaintiff's motion for partial summary judgment (D.I. 38) is DENIED.

IT IS SO ORDERED.

Entered this 22nd day of January, 2026

_____/s/ Richard G. Andrews
United States District Judge